Very good. Thank you. It may please the court and counsel. Good morning. My name is Eric Mance. I represent Mr. Denis O. L. Calix-Gonzalez, the defendant in this matter. Your Honors, let me first of all begin by saying that I believe this case provides a very direct and appropriate application of the Supreme Court's recent decision in the DACOMP matter, which the previous counsel just previously addressed. Well, I appreciate you want to get right into DACOMP, but let's talk about whether your client waived his right to appeal altogether. Certainly. Your Honor, with regards to that... Because it seems to me that nobody ever thought about DACOMP in front of the DJ. Would you agree? Well, at that point, Your Honor, I don't recall the exact dates on the particular sentencing, but at that point, DACOMP was a very new decision, and the deciding of that case was at least contemporaneous, if not at the very same time. I'm not trying to say what was your reason for not doing it. I'm just saying it seems to me that we're going to talk about waiver of appeal, and if there's no waiver, then I'm wondering what I need to do with it. And I think we can get there, but I think your best argument is that you didn't waive it. I guess that's the one I think is your hardest one to get through right now. Correct, Your Honor. And in my own defense, first of all, I didn't actually represent Mr. Calas Gonzalez on a trial at the district court level, but I think under the circumstances, under the Buchanan case, I do believe it is clear that under the circumstances that the government, in fact, did waive its right to appeal. The district judge, who was a visiting district judge, advised Mr. Calas quite clearly at the time that he did have a right to appeal that regardless of whatever was contained within the case, he was going to, and in fact he was going to. Well, that's not exactly what he said, is it? Well, that is, I think, the substance of what he said. I mean, what he said was... There was a provision in your plea agreement which you agreed to give up your right to appeal, but I always inform defendants that every defendant has the right to appeal, but when you sign a plea agreement with a waiver of appeal, it probably results in summary dismissal of your appeal. So that's the crux of it. That is, in fact, what the district court said. That is, in fact, the correction. That's why I just read it. So how do you get around that? Well, my argument, again, is contained within my brief, but I believe that the government, under the circumstances of the advisory, which was quite clear, that, in fact, Mr. Calas did not, well, in fact, that the government did, in fact, waive his right to appeal by not promptly objecting and observing... Well, but just a minute. The law would be pretty clear that one cannot invalidate a plea agreement with ambivalent comments, right? I would agree. And at best, that's ambivalent. I would disagree. But the bottom line is, it doesn't even seem to me to be ambivalent. What a judge does is he says, well, you have the right to appeal, but here you just got through and you signed this agreement, and so I don't think you really do. But I always tell everybody about that. That's what he said. That, I would submit, is a slight paraphrasing of what the judge, in fact, said. Okay. Well, it might be my paraphrasing that I was trying to keep you from paraphrasing just a minute ago. But what I'm really trying to do... I didn't paraphrase. I read it verbatim. Verbatim. So you can take his version or my version, but I really do want to invite you to respond to the question, please. Right. I think in comparison with the four cases that I respond to in my own reply that the government responds, I think that the comparison and as well as the context in this particular case indicates that, in fact, not only did the government the waiver, again, looking at the context of this particular case, which I think it's very important that in each particular case that the court actually, in fact, do, that the waiver was not, in fact, valid. Well, why... Although the court... Okay. But so that, you said several times. So can you tell me specifically what makes this an invalid waiver? What's the, what about the context? What are we missing? If you take a look at the proceedings that led up to this case, Mr. Kallix, in fact, had quite a bit of misgivings and misunderstandings regarding the substance of his agreement. And this was communicated in this, during the proceeding in front of the magistrate judge, that this was, in fact, clear. But he agreed, right? He agreed. We can't expect the district court judges to be and he was, he had the benefit of counsel and... So what is it about this that makes it invalid? Well, a plea advisory... Sorry, Your Honor. A plea advisory in no circumstance can be mechanical or rote. That... Is your contention this was mechanical or rote? Is that your contention? I would, well, I would contend that when a magistrate judge follows, you know, in fact, when there are so many doubts leading up to that proceeding, that, in fact, the proceeding is, does not fulfill all of the requirements of Rule 11. And for that reason, it is not a valid waiver of the right to appeal. Well, magistrate judges get in trouble when they don't check off the boxes and follow all of the provisions of Rule 11. So I, is there one you think that wasn't followed? Well, in fact, the actual understanding with that particular defendant of the rights that he was giving up, that he would not, in fact, have the right to challenge a sentence... Was he bilingual? ...was not understood. Was he bilingual? Mr. Kalitz was assisted by a court interpreter throughout that proceeding, throughout his proceedings. Personally, I do not know. I have, well, I can speak personally. It's my own experience. I have spoken to Mr. Kalitz. He is a Spanish speaker, and I've spoken to him in Spanish. I've sat quite a few times in Arizona on plea cases, too, and my question was, was he bilingual? I mean, in fact, you spoke to him in Spanish. Some of them speak good English. Some of them don't speak any English at all, rely solely on the interpreter. To the Court's question, I did not represent him at the district court level, but I do know that he is a Spanish speaker and he was assisted by a court interpreter. And my own experience is, again, caution the Court on relying on that experience, but he was a primary Spanish speaker. He did not understand. Are you arguing that there was a problem with the interpretation that prevented him from understanding and giving adequate consent? I'm arguing there was a problem with the understanding of the waiver, that there was clearly an understanding. Help me with that. What was the problem? The understanding was that he felt the agreement was too high. He was getting too much time. He wanted the opportunity to challenge his sentence. That's two different things. That's two different things, because it's one thing with regard to the waiver. What he was complaining about was the 16 points, and that happens almost every time you get a 16-pointer in front of you, and they think their guidelines, and that's a different issue. In fact, that is true. And Mr. Callix, in fact, made reference to his previous case, the one in which he received the 16-point enhancement, in which he was frustrated by the representation that he received. And in fact, if there was an issue with representation during that previous proceeding, then I do feel that that is a problem, and there is a problem in basing the waiver on that particular issue. And in answering that question, I ask the Court to allow me to reserve the balance of my time. Thank you. Well, I would ask you a couple of questions before you sit down. I did not read any place in your brief where you claim the sentence exceeds the statutory maximum penalty or that it is unconstitutional in any way. Am I correct? In — although that if, with the addition of the 16-point enhancement and the use of the 16-point enhancement, that is not the case. Well, I appreciate your challenging the 16-point enhancement as it relates to whether it really was. But what I was looking for is to whether the sentence as given exceeded the statutory maximum penalty with the 16-point enhancement, which I don't think it did. And secondly, I didn't see anything in there where you said the sentence was unconstitutional in any way. In your pleading, did you? In my pleading, no, on that particular issue, although I do submit that such a sentence would, in fact, be unconstitutional. Well, I just wanted to know because I read the briefs very carefully, and I want to know what issues you really put in front of me. So thank you very much for your  Thank you. We'll hear from the government. Thank you. Good morning. May it please the Court, my name is Matthew Castle, and I represent the United States in this appeal. Just a point of clarification, this sentencing occurred in February of last year, and the day camp decision, to my recollection, came down at the end of June of that judge, day camp had not been decided yet. We did not anticipate that decision when all the pleadings were filed. Does that matter? No. No. From the government's perspective, it really doesn't, because as the Court's well aware, the day camp decision, if you're dealing with a statute that is divisible as the government's contention, this statute absolutely is, the Court is allowed to then, the sentencing court is then allowed to go into judicially noticeable documents as this Court did. Either way, the government's position is that the modified analysis should have been done at sentencing as it was in this case. I know the Court spent a lot of time talking about the appeal waiver. The government's position is that there were multiple times where the defendant showed nothing but agreement with the magistrate, with the district court judge, that he understood his appellate waiver. There is absolutely nothing in the record to affirmatively show that he was confused. All we really have is, I suppose, a two-fold advisal by the district court judge. But even that is in an order, as the Court's well aware, every district court judge handles an appellate waiver differently. And I know, Judge Pearsall, you've appeared in Arizona having to deal with these all the time. This judge simply stated, everybody has the right to an appeal, but you've waived your right to an appeal. And it basically let him know everything he needed to know about appeals. Some judges just blanket say, you've waived your right to an appeal, and there is nothing further. That's why I thought you're – forgive me for interrupting, but that's why I thought you're – what you were going to get at when you said – gave us the dates when Decomp came down. Isn't your primary argument that this is all waived? Yes. Yes. I don't even – I mean, the government's perspective is that we don't even get to the substantive issue because the defendant waived his right to appeal. And I would also add, and Judge Pearsall, as you know, a lot of the times the plea agreements in Arizona in 1326 cases have multiple offense levels to provide for whatever the district court judge decides is going to be the total offense level at sentencing. This one did not have that. This was just a 16-level enhancement. So there really wasn't any ambiguity there. The defendant knew he was going to be one of six ranges under his plea agreement, and that was just going to be based on his criminal history category. I'm not trying to put words in your mouth, but when you answered the way you did, I thought perhaps you were shifting gears, and I just want to be clear that you're – you haven't abandoned this waiver argument. No, absolutely not. But if they got to the 16-level enhancement, then you think it was – would have been calculated, you know, per de camp under the modified categorical approach. Is that right? Yes, Your Honor. Okay. I'm with you. Now, your opponent suggests that Buchanan should control this case. Do you want to try to distinguish this case from Buchanan? Your Honor, I think that this case, there certainly wasn't any – I don't think the level of ambiguity rises to the level that defense counsel – or that opposing counsel mentions in Buchanan. This case was – it was made relatively clear to the defendant, and the defendant himself even stated that he understood, albeit through an interpreter, but he understood the appellate waiver provision. And as the court has pointed out, his primary issue was with the amount of time, as it almost always is in sentencing. He was concerned with the amount of time he'd be getting. So under Buchanan, you think, then, to answer Judge Smith's question of the government – the court's comments did not trigger an obligation for the government to object at that time. Is that it? That's correct. And that's just a function of how the court presented this notion to the defendant, that he had the right to waive, but that it may be that the – forgive me, he had the right to appeal, but that it might be that his – any such appeal would be summarily dismissed. You just don't think that's ambiguous enough. Is that it? That's correct. And I would also point out, to give you a hypothetical, if the – if the order of his adviser was reversed, if he talked to the defendant about his plea agreement and waiving his right to an appeal, and then he advised him that everyone has a right to an appeal, and there are some appeals that you cannot waive, and gave him all the At that point, I was at the sentencing. I would have – I would have stood up and objected. And just to clarify, Your Honor, the defendant did waive his right to an appeal because he was sentenced in accordance to his plea – with his plea agreement. But it wasn't in that order. It was – he was advising him of his right to an appeal, and then he spoke to him about the plea agreement and the fact that he waived it. I think that the order is actually quite important here, because it leaves the defendant with the correct mindset that, oh, yeah, I do have all these appellate rights, but I waived them all because I was just sentenced to 70 months, which is what I bargained for in my plea agreement. Any other argument you'd make? If the Court has specific questions for me, I'm happy to answer them. Otherwise, I will sit down and yield the rest of my time. Thank you very much. Thank you. I think, Counsel, you had a little bit of time, if you want to use it. You got four seconds there. I'll increase it by 26 seconds. How's that? You bid four, I give you 30. How's that? All right. Thank you, Your Honors. If I could just be allowed to briefly address the cases that counseled. Are you going to talk about Buchanan? It seems to me that's the crux of it. Okay. I can certainly address Buchanan again. I think that even if the order was reversed, as counsel proposes, I think the result is not different. I think that, again, the judges, and counsel is correct, every judge does provide his own advisal regarding the waiver of appeal, and every counsel, in fact, every judge does feel differently about the waiver process and how to best apply Rule 11. But I think that in the circumstance of this case, it's clear from the transcript, which is what I have to go on, that, number one, that the advisal was clear to the defendant that he did have the opportunity to appeal the sentence, that there was a brief addressing of what might happen under that circumstance, but that he still had that right, and that, more importantly, for the purposes of the argument of waiver of the right to argue, waiver of that right of appeal, counsel did not object to the government at that time. Thank you. Everybody is saying that every judge says it differently, and both counsel have said that. But the fact is that the district judge's bench book has a litany, and almost all the litanies are the same. And then the difference is that each judge then probably says something about, you have a right to appeal a constitutional issue, and they have a little caveat. But there is a mantra that is pretty common aside from that addition, maybe. I just wanted to comment on that. Both say it varies a lot, and it does some. Well, thank you, Judge, for that. And I would simply add that despite the efforts of trying to make uniform plea agreements and bench books, I think it's impossible to eliminate the human element through all these plea proceedings. I think that's what we're dealing with here. Thank you, counsel. Thank you both for your argument. We will submit, then, Case 13-10070. And we will move to Case 13-10302, USA v. Lopez-Gramajo.
judges: Piersol, SMITH, CHRISTEN